**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DURIAN BRANDON JONES | : | |
| | : | |
| Appellant | : | No. 611 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 12, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003827-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DURIAN BRANDON JONES | : | |
| | : | |
| Appellant | : | No. 612 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 12, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000044-2018

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 26, 2020**

Appellant, Durian Brandon Jones, appeals[1] from the judgment of

sentence entered by the Court of Common Pleas of Dauphin County after he

---

[*] Former Justice specially assigned to the Superior Court.

[1] As the judgment of sentence in question resolved matters arising from two
docket numbers, Appellant properly filed separate notices of appeal, with each

pled guilty to charges of possession with the intent to deliver a controlled substance, delivery of a controlled substance, criminal conspiracy, possession of drug paraphernalia, DUI, and Vehicle Code summary offenses. Sentenced to an aggregate term of incarceration of not less than 23 months and not more than 60 months, Appellant challenges the imposition of consecutive sentences. We affirm.

The trial court sets forth the pertinent facts and procedural history, as follows:

> The facts under docket 3827-CR-2017 reveal that on June 20, 2017, officers with the Harrisburg police, the vice unit, and agents from the Office of Attorney General conducted an undercover buy operation using a confidential informant (CI). The CI went up to Appellant to buy crack cocaine, then Appellant and the CI met another person, Israel Griffin, to purchase the drugs. When the police pulled up, Appellant and Mr. Griffin tried to run, but were ultimately tackled. Appellant was in possession of the pre-recorded money and the CI handed over the drugs. N.T., Guilty Plea/Sentencing Hearing, 3/12/18, at 4-5.
>
> As for docket number 044-CR-2018, on December 12, 2017, a Harrisburg police officer was dispatched to a car accident at 2:30 a.m. When he arrived at the scene, he found a Ford Focus with the passenger side crumpled in; it had crashed into a parked tow truck. Appellant, who had been driving the vehicle, smelled strongly of alcohol, was swaying back and forth, and could not stand on his own. He was arrested for suspicion of DUI and taken to the booking center. On the way there, the officer noticed that Appellant was attempting to conceal items. Once at the booking

---

notice of appeal bearing only one docket number. Subsequently, this Court consolidated the two appeals by *per curiam* order. Accordingly, this appeal conforms with the Pennsylvania Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases").

center, a search of Appellant revealed 16 individually wrapped bags of crack cocaine and $168 in U.S. currency. N.T. at 5-6.

. . . .

On March 12, 2018, Appellant entered open guilty pleas [to the offenses listed above] and was sentenced as follows:

Docket 3827-CR-2017: Count 1 (delivery) -15 to 36 months of imprisonment; Count 2 (criminal conspiracy) – 15 to 36 months of imprisonment, concurrent with Count 1; Count 3 (drug paraphernalia) - $25 fine.

Docket 044-CR-2018: Count 1 (PWID) – 8 to 24 months of imprisonment; Count 2 (DUI) – 1 to 6 months of imprisonment, concurrent with Count 1; Count 3 (drug paraphernalia) - $25; Count 4 (summary): $25 fine and costs; Count 5 (summary) - $200 fine and costs.

The sentences at dockets 3827-CR-2017 and 044-CR-2018 were imposed consecutively. The aggregate sentence imposed was 23 months to 60 months of imprisonment.

. . . .

The sentencing hearing record further reflects that Appellant appeared before [the trial court] on October 11, 2017, on docket 3827-CR-2017; he was incarcerated at that time. On that day it was agreed that Appellant be placed on an ankle monitor to go home, as he had children to care for. The Commonwealth approved, but Deputy District Attorney Ryan Shovlin, Esq. told him if he "picked up a new charge and messed up that there wasn't going to be any deal, that I wasn't going to be giving him any leniency, and that I would be revoking his bail. And two months later he did then pick up this new charge basically involving the same facts that he's dealing drugs again." N.T. at 7.

Prior to sentence, the [trial court] stated the following:

> THE COURT: [H]is biggest problem is that once he was released on bail modification . . . he put himself in a totally different position. . . . He would have been better off just staying put. Much better off staying put. So there's a couple of ways I could do it

- 3 -

with a partial concurrence, but no. He had a criminal act. He did a criminal act, and he's let out because he says 'please let me out.' And then he goes right back to the same business. . . . And then he decides to drive drunk on top of it all, which is like the third form of bad judgment that he's shown. . . . Is there anything, Mr. Jones, you wish to state before I impose sentence?

THE DEFENDANT: Yeah. I just want to apologize to the Court and everybody.

THE COURT: Well, you should because, yeah, you really spit in our eye, so to speak. You really did. I mean, it was bad enough the charge you had coming in, and then you just went and – but now you have to pay for it.

N.T. at 9-10.

. . . .

A post-sentence motion was filed and denied.[] This appeal followed[.][]

Trial Court Opinion, 7/2/19, at 1-4.

Appellant presents the following question for our review:

Was the imposition of an aggregate sentence of 1 year, 11 months, to 5 years clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs?

Brief for Appellant, at 6.

Appellant's issue raises a challenge to the discretionary aspects of sentencing and is not appealable as of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa.Super. 2015). Rather, before we can address such a discretionary challenge, an appellant must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (quoting ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Instantly, Appellant filed a post-sentence motion to modify his sentence raising his claim, followed by a timely notice of appeal to this Court. He has also included in his appellate brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). We must now determine whether he has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted); ***see also*** Pa.R.A.P. 2119(f).

Appellant "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation

omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365.

In his Rule 2119(f) statement, Appellant contends the imposition of concurrently-run guideline range sentences within each docket, and then running the two aggregate sentences from the dockets consecutively to each other, resulted in a manifestly excessive sentence reflecting a failure to consider his history and background. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002).

Nevertheless, as a general rule, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). *See also Commonwealth v. Kane*, 10 A.3d 327, 335-36 (Pa.Super. 2010) (stating bald claim that sentencing court "failed to consider" factors set forth in 42 Pa.C.S.A. 9721(b) does not raise substantial

question).  With respect to the imposition of consecutive sentences, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." ***Caldwell***, ***supra*** at 769 (citing ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010)).  However, a "critical distinction [exists] between a bald excessiveness claim based on imposition of consecutive sentences and an argument that articulates reasons why consecutive sentences in a particular case are unreasonable." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013).  Indeed, the latter case "**may** raise a substantial question." ***Id.*** (emphasis in original).

Here, Appellant's Rule 2119(f) statement articulates no reason why taking the two standard range, concurrently run aggregate sentences from each docket and running them consecutively to reflect the existence of two separate criminal episodes occurring six months apart violates either a specific provision of the Sentencing Code or a particular fundamental sentencing norm.  It is well settled that a criminal defendant is not entitled to a volume discount for his crimes by having his sentences run concurrently. ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995).  Additionally, in reviewing the statement's claim of a "manifestly excessive sentence," it bears noting that the court elected to run concurrently the sentences for Appellant's PWID and DUI crimes he committed while out on bail.

Accordingly, viewing the record and Appellant's Rule 2119(f) statement in light of governing authority, we conclude Appellant fails to present a substantial question regarding the court's decision to run the respective docket sentences consecutively. Therefore, we decline to address this issue further.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2020

---

[2] Moreover, to the extent Appellant's Rule 2119(f) statement asserts "the trial court focused solely on the need to punish [Appellant] for committing an offense while on bail from a previous offense," Appellant's brief at 15, we note he raised this argument neither at his sentencing hearing nor in his post-sentence motion. This particular argument, therefore, is waived. **See Commonwealth v. Griffin**, 65 A.3d 932 (Pa.Super. 2013) (explaining objections to discretionary aspects of sentence are waived if they are not raised at sentencing hearing or in timely filed post-sentence motion).